UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION


UNITED STATES OF AMERICA,      )      CASE NO:  7:14-CR-01475
                               )
               Plaintiff,      )           CRIMINAL
                               )
      vs.                      )         McAllen, Texas
                               )
BELINDA SOLIS,                 )   Thursday, September 25, 2014
                               )    (10:18 a.m. to 10:37 a.m.)
               Defendant.      )    (10:38 a.m. to 10:39 a.m.)

                         REARRANGEMENT

            BEFORE THE HONORABLE MICAELA ALVAREZ,
                 UNITED STATES DISTRICT JUDGE

               (SEALED BENCH CONFERENCE OMITTED)

APPEARANCES:

For Plaintiff:             L. JAMES LEO, III, ESQ.
                           Assistant United States Attorney
                           1701 W. Business Hwy. 83
                           Suite 600
                           McAllen, TX 78501


For Defendant:             DAVID E. WOOD, ESQ.
                           Attorney at Law
                           1317 E. Quebec Ave
                           McAllen, TX 78504


U.S. Probation Office:     Jessica Favela
                           1701 W. Business Hwy. 83
                           Suite 729
                           McAllen, TX 78501


Court Recorder:            Candy Jones

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 18668
                           Corpus Christi, TX 78480-8668
                           361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1        **McAllen, Texas; Thursday, September 25, 2014; 10:18 a.m.**

2                              **(Call to order)**

3              **THE COURT:**  Case Number 14-1475, Belinda Solis.

4              **MR. LEO:**  Government's present and ready, your Honor.

5              **THE COURT:**  Ms. Solis, please raise your right hand

6    to be sworn in.

7          **(Defendant sworn)**

8              **THE COURT:**  Thank you, all right.

9              **MR. LEO:**  Your Honor, there is one change that we

10   need to make to the docket sheet, and I just gave another

11   criminal information.  They recently recodified (phonetic) the

12   voter fraud statute.  It's now Title 52, United States Code,

13   10307(c).  It was formerly Title 42, 1973(i).  So I did make

14   the change in the criminal information and I just -- we just

15   need to make that change on the docket sheet as well.

16             **THE COURT:**  Okay.

17             **MR. LEO:**  And the statute didn't change.  They

18   just --

19             **THE COURT:**  It's just the numbering?  Okay.

20             **MR. LEO:**  Correct, your Honor.

21             **THE COURT:**  So the one you handed to the Court has

22   the correct --

23             **MR. LEO:**  Yes, your Honor.

24             **THE COURT:**  -- okay, reference, okay.  Okay, so,

25   Ms. Solis, it is my understanding that you intend to enter a

3

1    plea here to the criminal information, so there are a lot of

2    things I need to cover with you.  First, of course, is that you

3    have been sworn in.  You are under oath.  Therefore, you are

4    subject to the penalties of perjury, and any statement you make

5    here today can be used against you.  Do you understand that?

6             **THE DEFENDANT:**  Yes, ma'am.

7             **THE COURT:**  All right.  Now, just so that I can get a

8    little bit of background information on you, tell me how old

9    you are, please.

10            **THE DEFENDANT:**  I am 39 years old.

11            **THE COURT:**  What kind of schooling do you have?

12            **THE DEFENDANT:**  I have a GED -- I'm attending a GED

13   class.

14            **THE COURT:**  You're attending that currently, okay.

15   Have you ever been or are you now under the care of any doctor

16   or any psychologist or psychiatrist for any kind of mental

17   health issues?

18            **THE DEFENDANT:**  No, ma'am.

19            **THE COURT:**  Are you now under the influence of any

20   alcohol, drugs, or medication?

21            **THE DEFENDANT:**  No, ma'am.

22            **THE COURT:**  Within the last 48 hours, have you

23   consumed any alcohol, drugs, or medication?

24            **THE DEFENDANT:**  No, ma'am.

25            **THE COURT:**  Have you talked with your attorney about

4

1    the charges that are pending against you?

2            **THE DEFENDANT:**  Yes, ma'am.

3            **THE COURT:**  All right.  So let me talk a little bit

4    about those charges first.  We have what is called a criminal

5    information presented to the Court here today.  A criminal

6    information sets out a charge against you.  But the charge is

7    set out only by the Assistant U. S. Attorney in the case here,

8    Mr. Leo.

9            **THE DEFENDANT:**  Yes, ma'am.

10            **THE COURT:**  Under our system, you have the right to

11    be charged by what we call an indictment.  An indictment -- it

12    may be exactly like the criminal information as far as the

13    charge that it sets out, but the indictment is something that

14    is issued by a Grand Jury.

15            **THE DEFENDANT:**  Okay.

16            **THE COURT:**  The Grand Jury is a group of citizens of

17    this community.  They are presented with the evidence that the

18    Government believes is sufficient for them to consider.  The

19    Grand Jury then decides whether a person will be charged or not

20    charged.  So it's sort of a review process, okay?

21            **THE DEFENDANT:**  Yes, ma'am.

22            **THE COURT:**  So the difference, of course, being that

23    the information, it's only the attorney, and he may have looked

24    at the exact same evidence, but it's only the attorney for the

25    Government that sets out the charges; whereas a Grand Jury, as

1    I said, is a group of citizens, and they make that decision.

2            **THE DEFENDANT:**  Okay.

3            **THE COURT:**  You do have the right to be charged by

4    the -- by indictment.  Do you understand that?

5            **THE DEFENDANT:**  Yes, ma'am.

6            **THE COURT:**  And do you wish to give up that right, to

7    be charged by indictment?  That is, do you wish to go --

8        **(Defendant/counsel confer)**

9            **THE DEFENDANT:**  Yes.

10           **THE COURT:**  Okay.  And this is very important for you

11   to understand all of this, Ms. Solis.  So this is one of those

12   times -- if you don't understand something, please let me know.

13   If you want to talk with your attorney, I will not stop you

14   from --

15           **THE DEFENDANT:**  Okay.

16           **THE COURT:**  -- doing that.  But it needs to be that

17   you understand --

18           **THE DEFENDANT:**  Yes.

19           **THE COURT:**  -- what I'm covering with you.

20           **THE DEFENDANT:**  Yes.

21           **THE COURT:**  And if you have questions I'll try to

22   answer them for you.

23           **THE DEFENDANT:**  Yes, ma'am.

24           **THE COURT:**  Okay, so the answer was that you do wish

25   to go forward with --

1              THE DEFENDANT:  Yes.

2              THE COURT:  -- the information and give up your right

3    to be charged by indictment?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  Okay.  Now, the other preliminary here is

6    that you also have the right to have at least 30 days to

7    prepare for trial.  The information has just not been presented

8    to me.  I don't know when it was filed, but it's just now been

9    presented to me, so --

10             THE DEFENDANT:  Okay.

11             THE COURT:  -- let's assume it's been filed today.

12             THE DEFENDANT:  Okay.

13             THE COURT:  That means that even though you are going

14   to enter a plea, the plea is the equivalent of a trial.  So

15   that means that you have the right under our laws to have at

16   least 30 days to prepare for trial.  If you wish to go forward

17   today, we can, but that means that you would be giving up the

18   right to have at least 30 days to prepare for trial.  Do you

19   understand that, first of all?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  And do you wish to give up the right to

22   have at least 30 days to prepare for trial?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  All right, thank you.  Okay, now let me

25   cover the charge itself with you.  So the charge in the

1  criminal information is as follows.  I'm going to go through

2  and read it to you and then I'll kind of explain it a little

3  bit more to you.

4          **THE DEFENDANT:**  Okay.

5          **THE COURT:**  The charge is that:

6          "On or about November the 6th, 2012, pursuant to the

7          laws of the United States and the State of Texas, a

8          general election was held in Donna, Hidalgo County,

9          Texas for the purpose, among others, of electing the

10          President of the United States, a federal officer --

11          or a federal office.  At the general election, there

12          were also candidates on the ballot for various state,

13          county, and local offices, including the members of

14          the Donna School Board.  At all times material to

15          this indictment during the general election, Belinda

16          Solis assisted in the campaign to elect candidates to

17          the Donna School Board."

18          As to Count One -- and it's the only count here --

19  paragraphs 1, 2, through 3 of the information are restated.

20  And, on or about November the 6th, 2012, in the Donna, Hidalgo

21  County, Texas -- in Donna, Hidalgo County, Texas, within the

22  jurisdiction of this Court, you knowingly paid and offered to

23  pay one and more voters for voting in the election just -- we

24  have just referenced, all in violation of Title 52, United

25  States Code, Section 10307(c), which is formerly titled 42

1    United States Code Section 1973(i)(C).

2            **THE DEFENDANT:**  Yes.

3            **THE COURT:**  All right, so the charge is basically

4    that in connection with the general election held in November

5    of 2012, you offered to pay or did pay one or more voters for

6    their vote, which is in violation of the law.  Do you

7    understand the charge?

8            **THE DEFENDANT:**  Yes, ma'am.

9            **THE COURT:**  Let me mention one other thing here that

10   you may very well know but you may not know.  I am from Donna.

11   I live there currently.  I don't believe that there is any

12   conflict here whatsoever.  I know nothing about these

13   elections.  I'm not involved in any kind of political process.

14   Now, Mr. Wood, I don't know if you had considered that or not,

15   if that had been brought to your attention or not.

16           **MR. WOOD:**  I didn't know that, your Honor.

17           **THE COURT:**  I don't think it makes any difference

18   here, but I want you to be aware of it.  And I am very

19   conscientious of avoiding the appearance of impropriety.  Is

20   there any reason you feel that this would impact the case or

21   that it would result in the appearance of impropriety in this

22   case, Mr. Wood?  And if you want to talk with your client for a

23   moment, you may.

24       **(Defendant/counsel confer)**

25           **MR. WOOD:**  That really doesn't concern me, your

1   Honor.  I mean, you're from Donna.  I mean, maybe you want to

2   protect Donna more than other places, but I think it's all

3   right.

4           THE COURT:  Okay.  And, Ms. Solis, did you --

5           THE DEFENDANT:  I'm okay.

6           THE COURT:  -- know that or were you aware of that?

7           THE DEFENDANT:  No, I didn't know, but I'm okay with

8   it.

9           THE COURT:  Okay, you're okay with it.  Again, I

10  don't have any kind of involvement in any elections

11  whatsoever --

12          THE DEFENDANT:  Okay.

13          THE COURT:  -- other than the fact that I vote.  But

14  I don't have any -- I don't have children in school anymore so

15  I -- as far as what the school does, doesn't impact me at all.

16  I do not believe that there is any issue.  And should something

17  develop down the road, you know, we can always address it

18  later.

19          THE DEFENDANT:  Okay.

20          THE COURT:  But as far as the plea, I do not believe

21  that there is an issue.  I did want you to be aware of it,

22  though.

23          THE DEFENDANT:  Okay, thank you.

24          MR. WOOD:  Appreciate that, your Honor.

25          THE COURT:  All right, thank you.  Okay, now, as to

1    this charge then, Ms. Solis, do you have any questions about

2    it?

3              **THE DEFENDANT:**  No, ma'am.

4              **THE COURT:**  All right, now let me cover some of the

5    other rights that you have in connection with this charge.

6    First of all, you do have the right to have an attorney

7    represent you throughout these proceedings, as you are being

8    represented here today.  And you have that right even if you

9    cannot afford an attorney.  You also have the right to enter a

10   plea of not guilty to the charge; and if you wish to go forward

11   with a plea of not guilty, then we would have, first of all,

12   the indictment process, we would also have the time that I've

13   talked about already as far as at least 30 days.  But in

14   addition to that, then you would also have the right to have a

15   jury trial.  The jury is a little bit different from the Grand

16   Jury that we talked about earlier because that's a one-sided

17   process.  The jury is made up of 12 citizens of this community.

18   The jury then is the one that would decide whether you are

19   guilty or not guilty.  In connection with the jury trial, the

20   Government -- you have the right to have the Government present

21   the witnesses that the Government has to testify against you.

22   You have the right through your attorney to ask questions of

23   those witnesses.  You also have the right to present witnesses

24   of your own.  You have the right also to testify if you want to

25   testify, but you do not have to do so.  If you choose to remain

1   silent, that is not considered by the jury to be evidence of

2   anything in the case.  These are all rights that you have if

3   you wish to go forward with a plea of not guilty to this

4   charge.  Do you understand that?

5           **THE DEFENDANT:**  Yes, ma'am.

6           **THE COURT:**  Now, if you wish to enter a plea of

7   guilty as you have indicated you want to do --

8           **THE DEFENDANT:**  Yes.

9           **THE COURT:**  -- that means that you will be giving up

10  these rights.  We will not have the indictment process that

11  we've already talked about.

12          **THE DEFENDANT:**  Okay.

13          **THE COURT:**  We will not have a jury trial.  I will be

14  the one to decide whether you are guilty or not guilty.  We

15  will not have any of the witnesses presented other than

16  yourself.  The Government will tell me the facts of the case.

17  I will ask you some questions about those facts, enough to

18  determine whether you are guilty.  Based on what you present

19  and the Government presents, then I will decide whether you are

20  guilty.  That, of course, also means that you give up the right

21  to remain silent because, as I said, I will ask you some

22  questions and you will need to answer those questions for me.

23  Do you understand that?

24          **THE DEFENDANT:**  Yes, ma'am.

25          **THE COURT:**  With that understand then, Ms. Solis, do

12

1    you wish to give up the right to have a jury trial, to have the

2    witnesses presented, to be able to ask questions of those

3    witnesses, and the right to remain silent?  Do you want to give

4    up those rights by entering a plea of guilty?

5         **THE DEFENDANT:**  Yes, ma'am.

6         **THE COURT:**  Okay.  Have you talked with your attorney

7    about what the range of punishment here is if you do enter a

8    plea of guilty and the Court finds you guilty?  As far as how

9    much time --

10        **THE DEFENDANT:**  Yeah.

11        **THE COURT:**  -- you may be facing in prison --

12        **THE DEFENDANT:**  Yes, ma'am.

13        **THE COURT:**  -- did you talk about that?  Okay.  Now,

14   the law provides that you can be sentenced to a term of

15   imprisonment of up to five years.  There is no minimum

16   required, but it can be all the way up to five years in prison.

17   Do you understand that?

18        **THE DEFENDANT:**  Yes, ma'am.

19        **THE COURT:**  There's also the possibility of a fine of

20   up to $250,000, depending on whether you can afford to pay a

21   fine.  There is what we call a $100 special assessment.  You

22   are ordered to pay that regardless of whether you can afford to

23   do so or not.  And there is also something we call supervised

24   release.  Supervised release is a period of time after you have

25   been released from custody -- prison, if you do serve time in

1    prison, when you are under court supervision.  Even though you

2    are out in the community, some people sometimes say probation.

3    It's not probation, because you've actually served time in

4    prison.  But it's a period of time, up to three years, when you

5    are supervised by the Court.  The Court orders that you do or

6    not do certain things.  And if you violate any of those Court's

7    orders, you could end up having to come back to Court; and,

8    depending on the circumstances, you could end up having to

9    serve more time for this offense, even if you have not

10    committed another offense.  Do you understand this?

11              **THE DEFENDANT:**  Yes, ma'am.

12              **THE COURT:**  Now, that's what the law provides as far

13    as what the maximums are.  In deciding the actual sentence that

14    you will receive, the Court considers something that we call

15    the Guidelines.  The Guidelines are basically a way that we

16    come up with a range in months of what the Court should

17    consider in deciding whether to -- what kind of a sentence to

18    give you.  We take information about the offense itself, we

19    come up with a number that applies to the offense.

20              **THE DEFENDANT:**  Okay.

21              **THE COURT:**  We take information about your criminal

22    history and we come up with a number that applies to your

23    criminal history.

24              **THE COURT:**  We use a chart like this.  Did you

25    discuss that with your attorney?

14

1          **THE DEFENDANT:**  Yes.

2          **THE COURT:**  All right.  Now, it is important that you

3    understand two things in particular about the Guidelines right

4    now.  I can't tell you right now what your guideline range will

5    be because I've not calculated it.  I expect your attorney has

6    done that and, in time, the probation department will do so as

7    well.

8          **THE DEFENDANT:**  Yes, ma'am.

9          **THE COURT:**  But ultimately I am the one that will

10   decide what the correct guideline range is for you in your

11   case.  And it is done for you in your case.  The important

12   thing right now for you to understand is that it is the Court

13   that will decide what the correct guideline range is, and that

14   is not done until the time of sentencing.  So whatever your

15   attorney has told you, it could turn out to be different at the

16   time of sentencing.  Do you understand that?

17         **THE DEFENDANT:**  Yes, ma'am.

18         **THE COURT:**  The other important thing for you to

19   understand is that I do not have to follow the Guidelines.  I

20   do have to consider them.  Once I have heard from everybody in

21   the case and consider everything that has been presented to me

22   in the case, I will decide whether I should sentence you within

23   the guideline range that applies to your case, below that, or

24   above that, so long as I do not go above the five-year limit in

25   this case.  Do you understand that?

15

1          **THE DEFENDANT:**  Yes, ma'am.

2          **THE COURT:**  Do you have any questions about any of

3    these things that I have covered with you?

4          **THE DEFENDANT:**  No, ma'am.

5          **THE COURT:**  All right.  Is there a plea agreement in

6    this case?

7          **MR. LEO:**  There is not, your Honor.

8          **THE COURT:**  All right.  So, Ms. Solis, the Government

9    has indicated that you have not reached any kind of agreement

10   with the Government as far as anything that has been promised

11   to you or that has been agreed to between yourself and the

12   Government in exchange for your plea of guilty.  Do you believe

13   that you have any sort of promise that has been made to you by

14   anybody, whether that be the Government, your attorney, or

15   somebody else, in exchange for your plea of guilty?  In other

16   words, has anybody promised you anything to --

17         **THE DEFENDANT:**  No.

18         **THE COURT:**  -- try to get you to --

19         **THE DEFENDANT:**  No, ma'am.

20         **THE COURT:**  -- plead guilty?

21         **THE DEFENDANT:**  No, ma'am.

22         **THE COURT:**  Do you wish to plead guilty, freely and

23   voluntarily?

24         **THE DEFENDANT:**  Yes, ma'am.

25         **THE COURT:**  And do you wish to plead guilty because

16

1    you are in fact guilty as charged in the indictment?

2         **THE DEFENDANT:**  Yes, ma'am.

3         **THE COURT:**  All right, Ms. Solis, as charged in the

4    information, Ms. Solis, and as to this information, how do you

5    plead, guilty or not guilty?

6         **THE DEFENDANT:**  Guilty.

7         **THE COURT:**  Now, this is the part where the

8    Government is going to tell me the facts of your case.  Please

9    listen closely because this is where I will ask you some

10   questions.

11        **THE DEFENDANT:**  Okay.

12        **THE COURT:**  Mr. Leo?

13        **MR. LEO:**  Your Honor, do they need to execute the

14   waiver?

15        **THE COURT:**  I have done it orally.  There's a written

16   one -- oh, you -- there -- I do have a written one.

17        **MR. LEO:**  There's one in front of them if --

18        **THE COURT:**  Okay.  We've done this orally, Ms. Solis,

19   but let me go ahead and have you go ahead and actually execute

20   this one.  The waiver is -- this is of the indictment, what I

21   talked to you at the beginning --

22        **THE DEFENDANT:**  Yes.

23        **THE COURT:**  -- as far as you having the right to have

24   the indictment charged.  So you -- if you -- have you read that

25   over?

1          **THE DEFENDANT:**  Yes.

2          **THE COURT:**  Don't sign it yet.

3          **THE DEFENDANT:**  Oh.

4          **THE COURT:**  You've read it over with your attorney

5    already?

6          **THE DEFENDANT:**  Yes, yes.

7          **THE COURT:**  Okay.  And I covered it with you --

8          **THE DEFENDANT:**  Yes, you did.

9          **THE COURT:**  -- as well.  If you don't have any

10   questions about it and you wish to waive it, as you indicated

11   you do, then you may go ahead and sign it.

12         **THE DEFENDANT:**  Okay, thank you.

13      **(Pause)**

14         **THE COURT:**  And then if you would go ahead and pass

15   that over to Mr. Wood, I'll sign it as well.  Okay, now,

16   Ms. Solis, we are going to hear from the Government.

17         **MR. LEO:**  "Belinda Solis served as a politiquera for

18             the Donna School Board candidates Alfredo Lugo,

19             Ernesto Lugo, Michael Flores, and Nick Castillo for

20             the November, 2012, general election.  Donna, Texas

21             is in the Southern District of Texas.  Federal

22             officers, including presidential, senatorial, and

23             congressional candidates were also on the ballot for

24             the Donna School Board candidate -- along with the

25             Donna School Board candidates in November of 2012.

1              As a politiquera, the Defendant worked with

2              candidates to encourage people to vote, bring voters

3              to the poles, and ensure that voters selected the

4              particular candidate in exchange for payment for

5              their votes.  Solis paid money to voters in exchange

6              for their votes for Donna School Board candidates.

7              For example, during the election, November, 2012,

8              Solis paid $10 each to approximately four voters in

9              exchange for their votes in favor of the Donna School

10             Board candidates.  During the November, 2012, general

11             election, Solis received money from Francisco, also

12             known as 'Frankie,' Garcia for the election,

13             specifically to pay voters in exchange for their

14             votes."

15             **THE COURT:**  Ms. Solis, do you agree with what the

16     Government stated?

17             **THE DEFENDANT:**  Yes, I do.

18             **THE COURT:**  Okay.  So during the November election,

19     you were working as a politiquera, the term --

20             **THE DEFENDANT:**  Yes.

21             **THE COURT:**  Okay, you understand the term?

22             **THE DEFENDANT:**  Yes, yes.

23             **THE COURT:**  Okay.  And part of your job -- or was to

24     try to get voters for certain particular candidates up for the

25     Donna School Board, correct?

19

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  And in order to do that, you received

3    some money from Frank -- and I didn't quite catch the last

4    name --

5          THE DEFENDANT:  Yes.

6          THE COURT:  -- but you received money from Frank --

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Okay.  And then you in turn paid some of

9    that money to at least --

10          THE DEFENDANT:  Yes.

11          THE COURT:  -- four candidates; is that correct?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  And the purpose of you paying those four

14    -- I said candidates -- four voters -- and the purpose of you

15    paying those voters was to try to get them to vote for the

16    candidates that you were working for or with; is that correct?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  All right, thank you.  All right, thank

19    you, Ms. Solis.  The Court does find that you are competent to

20    enter a plea, that you understand the nature of the charges

21    against you, as well as the consequences of entering a plea,

22    that you are entering a plea of guilty freely and voluntarily,

23    and that there is a factual basis for the plea of guilty.  The

24    Court does find you guilty as charged in the criminal

25    information.  I will set your case for sentencing on December

1  11th at 9:00 a.m., with a presentence investigation to be done

2  and a report to be completed by October the 30th, objections to

3  be filed by the 13th, with the final report due on November the

4  28th.  Now, we do have the issue -- there's been no bond set in

5  this case.

6          **MR. LEO:**  Yes, your --

7          **THE COURT:**  There has?

8          **MR. LEO:**  Yes, she has an unsecured bond, your Honor.

9          **THE COURT:**  An unsecured bond, all right, okay.

10          **MR. LEO:**  And there is one matter, the -- if we could

11  approach, your Honor.

12          **THE COURT:**  You may.  Do we need Ms. Solis?

13          **MR. LEO:**  Well, we can -- if you think we need her,

14  your Honor.

15          **THE COURT:**  Okay, let me hear from you first.

16          **MR. LEO:**  Okay.

17          **THE COURT:**  Let me hear from the attorneys first,

18  Ms. Solis.

19          **(Sealed bench conference omitted from 10:37 a.m. to 10:38**

20  **a.m.)**

21          **THE COURT:**  Okay.  And I take it the Government has

22  no objection to the continued --

23          **MR. LEO:**  No objection.

24          **THE COURT:**  Okay.  Ms. Solis, the Court is going to

25  allow you to continue out on bond as you have been up until

1   now.  You've been given the date to appear for sentencing.

2             **THE DEFENDANT:**  Yes.

3             **THE COURT:**  You must appear for that day unless

4   you're notified that it has changed for any reason.  But absent

5   that, then you must appear here as you have been notified to

6   do.  Failure to appear for sentencing is itself an offense, and

7   so you could face additional charges.  Also, of course, you

8   must continue to comply with all the terms and conditions that

9   have been imposed, because violating any one of those is the

10  quickest way to start serving some time, regardless of what the

11  Court ultimately gives you.  Do you understand that?

12            **THE DEFENDANT:**  Yes, ma'am.

13            **THE COURT:**  All right.  Is there anything else in

14  this case at this time?

15            **MR. LEO:**  Nothing from the Government, your Honor.

16            **MR. WOOD:**  Nothing from the Defendant, your Honor.

17            **THE COURT:**  All right, thank you then.  You may be

18  excused, thank you.

19            **THE DEFENDANT:**  Thank you.

20            **MR. LEO:**  Thank you for accommodating us.

21            **THE COURT:**  Thank you.

22        **(This proceeding was adjourned at 10:39 a.m.)**

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____          October 27, 2014_

                    TONI HUDSON, TRANSCRIBER